GEORGE E. FREITAS AND C. P. JOHNSTON, DOING
BUSINESS AS PACIFIC FACTORS *v.* JACK W.
DASSEL AND DIXIE DASSEL.

No. 2734.

SUBMITTED JUNE 29, 1951.　　　　　DECIDED AUGUST 31, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE PARKS
IN PLACE OF KEMP, C. J., RETIRED.

OPINION OF THE COURT BY LE BARON, J.

This is a bill in equity brought by certain creditors of
a debtor against that debtor and his wife to set aside a cer-
tificate of ownership by which the debtor transferred to his
wife the legal title to an automobile after he had made final
payment on an agreement of sale under which he purchased
the automobile from a third party. The sole ground for
equitable relief is that the debtor made, and his wife
accepted, such transfer of title in fraud of the debtor's
creditors. After hearing, the presiding judge in equity
orally and by written decision found the transfer in ques-
tion not to be fraudulent as against creditors. On that
finding he entered a decree denying equitable relief. The
creditors appeal.

The appeal challenges the decision and decree and
centers its attack upon the finding that the transfer of title

is not fraudulent as against the creditors, on which finding both decision and decree are predicated. Error is specified to that finding on the proposition that the evidence does not warrant it as a matter of law, the argument being that the evidence supporting such finding is of slight weight and of doubtful character and does not constitute the preponderance of the evidence which, it is contended, shows strong indicia or badges of fraud. Upon such error so specified, the creditors, the appellants, now urge this court not only to reject the finding in question, but to make a contrary one in reversal of the decree on determining the credibility of witnesses and weighing the evidence. The appeal thus requires this court to examine the evidence with respect to the nature of the transaction between the debtor, one of the appellees, and his wife, the other appellee, which culminated in the transfer of title, and to the circumstances surrounding the transaction in relation to creditors of the debtor.

The evidence concerning the nature of the transfer in question and the circumstances surrounding it primarily consists of the testimony of the debtor and his wife at the hearing below. It is undisputed therefrom and from the evidence as a whole that on March 4, 1947, the debtor entered into a written agreement of sale with the seller whereby the debtor agreed to purchase the automobile at the price of $2400; that according to the terms thereof he immediately made a down payment of $1000 and agreed to pay the balance of $1400 at the monthly rate of $120, final payment thereon being in the sum of $65.50; that after execution of that agreement and on the same day his wife took possession directly from the seller and in so far as her husband is concerned has since continuously possessed, and enjoyed exclusive use of, that automobile upon which her initials were conspicuously painted on its sides; that the debtor presumably with his own funds paid all regular

126

monthly installments and on February 18, 1948, made final payment; that on the day of final payment he transferred legal title to his wife by recording the certificate of ownership naming her as legal owner. The debtor testified in substance that he so performed his part of the agreement of sale with the intention of bestowing upon his wife immediate possession on their first wedding anniversary, permitting her to enjoy continuous use thereafter and ultimately transferring legal title as an absolute gift upon his making final payment. His wife testified to the effect that she so took immediate possession, enjoyed continuous use and ultimately accepted legal title as a gift.

The claim of the creditors arose from business dealings with the debtor, with which his wife was not connected and which had inception on December 6, 1947, less than three months before the date of transfer on February 18, 1948. No demand to pay the resultant indebtedness was made until some time during the month of January, 1948. The creditors did not threaten to bring suit to collect the money owed them by the debtor at any time before the date of transfer, but commenced an action at law against him about a month thereafter, levying attachment upon the automobile on March 17, 1948. Such attachment, however, was dissolved two days later by the law court, which restored possession to the wife who had had legal title since February 18, 1948. That action is still pending at law and no judgment therein has been entered.

The creditors contend that the transfer of title was not made in good faith. They point to circumstances which they characterize as indicia or badges of fraud such as those showing that the debtor at the time of transfer was insolvent or heavily indebted, hard pressed by his creditors in general and prematurely made final payment two weeks before it was due, when he had always paid the regular monthly installments after they were due. Any eviden-

tiary force or effect of the circumstances of insolvency and of pressure by creditors at the time of transfer of title to prove fraud as against creditors is materially weakened by the absence of any evidence tending to show what the debtor's financial condition was when he promptly made a substantial down payment on execution of the agreement of sale and tardily made the many monthly payments thereafter, or when he so paid the major parts of the purchase price. In the absence of such evidence, it is reasonable to assume that the debtor was then solvent and subsequently transferred title in pursuance of an arrangement, not only made in good faith when he was not in debt, but carried out to a substantial degree thereafter when no obligation to the creditors had been incurred or anticipated. The circumstance of making final payment before it was due as compared to making regular payments after they were due has little, if any, evidentiary force to prove fraud as against existing creditors where, as here, the final payment not only is considerably smaller and hence easier to meet, but ordinarily the one payment which a purchaser is more apt to be eager to make in order to terminate his obligation. Moreover, the making of the final payment in itself did not constitute a transfer of all or any substantial portion of the debtor's property. It merely operated to remove a comparatively small encumbrance remaining on the automobile which, as between the debtor and his wife, was regarded as her property since she took possession immediately upon execution of the agreement of sale. Nor did the debtor attempt to conceal his intention of gift or omit to record the transfer of title in consummation of that intention as evidenced by the open manner in which he permitted, and she enjoyed, possession and use of the automobile and by the subsequent recordation of the certificate of ownership naming her as legal owner.

The creditors argue that had the debtor been of honest

intent relative to gift he would not have had his name, but that of his wife, registered as equitable owner when the agreement of sale was executed. Such argument is untenable. To have so registered his wife's name would not have been the customary method of doing business by a purchaser under an agreement of sale, but a departure therefrom tending to cast suspicion upon his good faith as far as any of his existing creditors were concerned. This is demonstrated by the fact that the automobile then would have been placed further beyond the reach of such creditors consistently with a dishonest intent to hinder, delay or defeat them. The debtor, however, did not adopt such procedure and assumed sole responsibility for fear, as he testified, of obligating his wife under the agreement of sale and detracting from her enjoyment of possession and use of the automobile before he could make an absolute gift of it free of encumbrance. Therefore, in conformity with the usual practice, he became equitable owner on execution of the agreement of sale and during its life had an interest attachable by existing creditors compatible with good faith on his part. The background underlying and possibly motivating that transaction is the fact that the wife during this period not only did not press for payment of substan tial loans which she had made to the debtor both before and after their marriage, but allowed him to use another automobile which belonged to her and which was necessary for the conduct of his business. There are thus to be found in the record satisfactory explanations of the course the debtor pursued to effectuate an ultimate gift other than the mere relationship of husband and wife, any one of which is consistent with honesty and fair dealing.

From the combined circumstances and facts of the case, an honest intent on the part of the debtor and his wife throughout the transaction commencing on March 4, 1947, and culminating on February 18, 1948, is more readily

inferred than a dishonest one to make and accept a fraudulent transfer as against creditors. The evidence of good faith is not slight in weight and doubtful of character as claimed by the creditors, but preponderating and substantial. Such being the case, fraud will not be presumed therefrom and the creditors have not sustained their burden to show it. The finding in question, therefore, will not be disturbed.

Decree affirmed.

*Sau Ung Chan, R. J. O'Brien* and *W. Y. Char* for appellants.

*M. D. White* and *J. O. Hughes* for appellees.